UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

EDY DARCELIN,

                Petitioner,

                -v-

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.

------------------------------------------------------------------x

MATSUMOTO, United States District Judge:

DOCKET & FILE

**ORDER**
09-CV-5611 (KAM)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N
★   JAN 1 3 2010
P.M.
TIME A.M.

     Before the court is petitioner's application for a writ of error coram nobis seeking to

vacate his New York state criminal conviction. For the reasons set forth below, the petition is

denied.

### BACKGROUND

     Petitioner alleges that in 2006, he pled guilty to endangering the welfare of a child. (Doc.

No. 1, Petition at 1, ¶ 2.) Petitioner alleges that

> his constitutional right to due process and a fundamentally fair hearing were
> violated by the imposition of a court order that he subject himself to DNA testing
> after the entry of his Alfred [sic] plea and sentencing where, had he known that
> such testing would have been required, he would have gone to trial to challenge
> any assertion that he had committed a sexual offense.

(Id. at 3, ¶ 4.) Petitioner further alleges that "as a result of the ineffectiveness" of his attorney "in

failing to challenge the DNA testing, [petitioner] was placed into removal proceedings and

charged with having committed a crime of moral turpitude and the charge of removal was

sustained." (Petition at 2, ¶ 9.)

1

## DISCUSSION

Federal courts cannot issue writs of coram nobis with respect to state court judgments. See Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008); Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006); Ahmed v. United States, No. 07-cv-119, 2007 WL 329517, at *1-2 (E.D.N.Y. Jan. 31, 2007). The Second Circuit noted that as "a historical matter, the writ of coram nobis was used by a court to correct its own errors" and that "at common law, the writ was used by a court in cases within its own jurisdiction, not to correct errors in other jurisdictions." Finkelstein, 455 F.3d at 133 (citations omitted). This court therefore lacks jurisdiction over the instant petition for a writ of coram nobis because it seeks to set aside the judgment of a state court.

Moreover, to the extent that petitioner seeks to have this court stay his removal, the court is without jurisdiction to adjudicate petitioner's request. See 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . "); Brown v. Florida, No. 09-cv-1150, 2009 WL 1834155, at *3 (E.D.N.Y. Jun. 25, 2009).

## CONCLUSION

Accordingly, the petition is dismissed. <u>See</u> Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). The Clerk of the Court is directed to serve a copy of this Order upon petitioner.

SO ORDERED.

                                   KIYO A. MATSUMOTO
                                   United States District Judge

Dated: Brooklyn, New York
      January 12, 2010