UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EDY DARCELIN,

                Petitioner,

        -v-

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
------------------------------------------------------------x

DOCKET & FILE

FOR ELECTRONIC
PUBLICATION ONLY

<u>ORDER</u>
09-CV-5611 (KAM)

MATSUMOTO, United States District Judge:

By order filed on January 13, 2010, the court dismissed petitioner's application for a writ of error coram nobis seeking to vacate his New York State criminal conviction. (Doc. No. 3.) Judgment was entered on January 14, 2010. (Doc. No. 4.) On February 16, 2010, petitioner moved for reconsideration of that Order. (Doc. No. 5, Reconsideration Motion.) Petitioner once again requests that this court set aside the judgment of a state court. For the following reasons, petitioner's motion for reconsideration is denied.

## **LEGAL STANDARDS**

A.    **Rule 59(e)**

Petitioner's motion does not identify the authority upon which he seeks reconsideration. Parties may seek reconsideration of a judgment under Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted); see Jean-Laurent v. Hennessy, No. 05-CV-1155, 2008 WL 5274322, at *2 (E.D.N.Y. Dec.

1

18, 2008).

To invoke Rule 59(e) to alter or amend a judgment, the moving party must move "no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e); see also Local Civil Rule 6.3. Here, petitioner's motion for reconsideration was filed with the court on February 16, 2010, thirty-three days after the entry of judgment. However, because petitioner failed to date the motion, the court is unable to discern the date on which he transmitted the motion to prison officials. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (under the "prison mailbox rule," a submission by an imprisoned *pro se* petitioner is deemed filed on the date it is given to prison officials). Here, even if the motion is deemed untimely under Rule 59(e), it may be timely under Rule 60(b).

B.  **Rule 60(b)**

Rule 60(b), governing relief from a final judgment or order, provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004) (requiring that Rule 60(b) motions be "predicated on one of five narrow and specific grounds or on a sixth ground, which, despite its open wording, has been narrowly cabined by the precedent of this [Circuit]"). Rule 60(c) further provides that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. The Second Circuit has held that because Rule 60(b) permits extraordinary judicial relief, it is invoked

only if the moving party meets its burden of demonstrating "exceptional circumstances." United States v. International Broth. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "To grant a Rule 60(b) motion, the court must find that the evidence in support of the motion is highly convincing, that the movant has shown good cause for the failure to act sooner, and that no undue hardship is imposed on the other parties as a result." Figueroa v. Walsh, No. 00-CV-1160, 2008 WL 1945350, at *4 (E.D.N.Y. May 1, 2008) (citing Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). Ultimately, the determination of a Rule 60(b) motion is left to "the sound discretion of the district judge." Wang v. State Univ. of New York Health Sciences Ctr. at Stony Brook, No. 02-CV-5840, 2008 WL 4415266, at *2 (E.D.N.Y. Sep. 24, 2008). Furthermore, the strict requirements of Rule 60(b) are applicable to *pro se* litigants. See Harrison v. Lutheran Med. Ctr., No. 05-CV-2059, 2007 WL 3023830, at *2 (E.D.N.Y. Oct. 12, 2007); Flaherty v. Hackeling, 221 F.R.D. 383, 386 (E.D.N.Y. 2004).

## DISCUSSION

Petitioner's Reconsideration Motion alleges, in relevant part, that

> 2. The order denying the petition did not, however, state any substantive legal or factual basis for the court's assertion that the petition would be unsuccessful.
> 3. The failure of the court to state a substantive basis for its denial of the underlying petition is in error.
> 4. The court's failure to state a substantive basis for the denial of the petition has deprived the Defendant of any action to cure the asserted defect.

(Reconsideration Motion at 1, ¶¶ 2-4.)

Petitioner's argument is unavailing. The court addressed petitioner's claims and found them to be without merit. Specifically, the court held that it lacked jurisdiction over the petition for a writ of coram nobis because plaintiff seeks to set aside the judgment of a state court. See Darcelin v. New York, No. 09-CV-5611, 2010 U.S. Dist. LEXIS 2477, at *2 (E.D.N.Y. Jan. 13, 2010) (citing Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008) (federal courts cannot issue writs of

coram nobis with respect to state court judgments); Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006); Ahmed v. United States, No. 07-CV-119, 2007 WL 329517, at *1-2 (E.D.N.Y. Jan. 31, 2007)).

Under either Rules 59(e) or 60(b), petitioner's motion for reconsideration lacks merit. Specifically, petitioner's reconsideration motion fails to point to any authority or evidence that the court overlooked in dismissing the action. Similarly, petitioner fails to provide any argument for relief which falls into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5), and does not present "extraordinary circumstances," justifying relief under the catch-all provision of Rule 60(b)(6). Further, the court notes that "[a] motion for reconsideration is not a vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided." H.C. Schmieding Produce Co., Inc. v. Alfa Quality Produce, Inc., No. 08-CV-367, 2009 WL 2207917, at *1 (E.D.N.Y. Jul. 23, 2009) (quoting Perez v. United States, 378 F. Supp. 2d 150, 154-55 (E.D.N.Y. 2005)).

## CONCLUSION

Accordingly, petitioner's motion for reconsideration is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to mail a copy of this Order to petitioner.

So Ordered.

KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
February 26, 2010

4